May 12, 1939

No. 41325.——Protest 953779–G of Bloomingdale Bros. Abstract 41051. Application by plaintiffs granted.

May 10, 1939

No. 41326.—Suit 4186.——*Stern Hat Co.* v. *United States.* 

This cause having come on for hearing before this court and a judgment having been rendered in favor of the United States with respect to certain fur felt hats (Reap. Dec. 4321), and the said parties having thereafter appealed from said judgment to the United States Court of Customs and Patent Appeals, and the said United States Court of Customs and Patent Appeals having transmitted to this court its mandate, by which it appears that the judgment of this court is reversed, and the cause remanded to this court for reconsideration upon all of the issues here involved, in accordance with the views expressed by the said United States Court of Customs and Patent Appeals—

Now, in conformity with the said mandate of the United States Court of Customs and Patent Appeals, it is hereby—

Ordered, Adjudged, and Decreed that the original judgment of this court in this case be and the same hereby is vacated and set aside.

This court is well aware that the statute requires that United States value shall be based upon such or similar merchandise which has been previously imported, having so decided in several recent cases. The erroneous theory presented before the appellate court in argument was not raised before this court and we cannot understand how the appellate court could assume that this court based its decision upon such theory merely because the Government assumed that theory in argument.

This court based its decision that there is substantial evidence to support the finding of the trial court upon the facts contained in Exhibit C. Inasmuch as some confusion is apparent as to the similarity of some of the item numbers of the delivered merchandise with the merchandise now before us, we are convinced that a new trial should be held for further proof as to the similarity of the merchandise and the significance of the manufacturer's numbers. Therefore—

It is Ordered, Adjudged, and Decreed that the decision of the court below is hereby reversed and the case is remanded to said court for all purposes in order that the similarity of the merchandise and the significance of the manufacturer's numbers may be clarified by further proof.

Before the First Division, May 16, 1939

No. 41327.—Protest 906316–G of Cox & Fahner (New York).

Opinion by McClelland, P. J. Being satisfied from the evidence that the skins in question have not been tanned or otherwise made into leather, although they have been pickled for the purpose of preserving them during transportation and storage, the court held that they are in fact raw skins. The claim for free entry under paragraph 1765 was therefore sustained.